UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, )<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　Plaintiff,　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>SHARON B. HEATON, and　　　　　　　　　)<br>FREDRIC R. GUMBINNER,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>　　　Defendants.　　　　　　　　　　　　　) | Civil Action No.<br>7:09-CV-475 |

**MOTION TO DISMISS**

Fredric R. Gumbinner ("Gumbinner"), by counsel, moves the Court to dismiss the complaint (the "Complaint") filed by Branch Banking and Trust Company ("BB&T") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion, Gumbinner respectfully states as follows:

　　　1.　　In the Complaint, BB&T alleges that Branch Banking and Trust Company of Virginia merged with it. Although not stated in the Complaint, the merger was effective 11:59 p.m. on December 31, 2006. In deciding this motion, the Court may take judicial notice of the date of the merger. Fed. R. Civ. P. 201; Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996); Williams v. Basic Contracting Servs., Inc., 2009 U.S. Dist. LEXIS 104095 ** 5-6 (D. S.D.W.Va. 2009). Branch Banking and Trust Company of Virginia ceased to exist on January 1, 2007.

　　　2.　　The guaranty attached to the Complaint as Exhibit B states that Gumbinner "absolutely and unconditionally guarantees to Bank and its successors and assigns the due and punctual payment of any and all notes, drafts, debts, obligations, and

liabilities, primary or secondary (whether by way of endorsement or otherwise), of Borrower, at any time, now or hereafter, **incurred with or held by Bank**. . . ." (Exhibit B). The term "Bank" is defined as Branch Banking and Trust Company of Virginia. (Exhibit B). The alleged consideration for the guaranty is the "inducement to Branch Banking and Trust Company of Virginia ("Bank") to extend credit to and to otherwise deal with Smith Mountain Holdings LLC. . . ." (Exhibit B).

3. The alleged guaranty was signed on January 6, 2007.

4. No debt or obligation has been "incurred with or held by" Branch Banking and Trust Company of Virginia. (Compl. ¶ 5). As set forth in the Complaint, Smith Mountain Holdings, LLC incurred its debt with BB&T. Id.

5. The Complaint fails to state a claim upon which relief may be granted because the alleged guaranty does not guaranty any debt incurred with or held by BB&T.

WHEREFORE, Fredric R. Gumbinner, by counsel, moves the Court to dismiss the Complaint with prejudice.

Date: February 16, 2010                    Respectfully submitted,

                                           FREDRIC R. GUMBINNER

                                           By: /s/ W. Joel Charboneau

Magee Goldstein Lasky & Sayers, P.C.
A. Carter Magee, Jr. (VSB #20284)
W. Joel Charboneau (VSB #68025)
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800 (T)
540-343-9898 (F)
cmagee@mglspc.com
jcharboneau@mglspc.com

## ANSWER

Without waiving the foregoing Motion to Dismiss, Fredric R. Gumbinner ("Gumbinner"), by counsel, respectfully responds to the complaint ("Complaint") filed by Branch Banking and Trust Company ("BB&T") as follows:

1. The allegations contained in the first paragraph of the Complaint are admitted.

2. The allegations contained in the second paragraph of the Complaint are admitted.

3. The legal conclusions set forth in the third paragraph of the Complaint do not require a response.

4. The legal conclusions set forth in the fourth paragraph of the Complaint do not require a response.

5. In response to the allegations contained in the fifth paragraph of the Complaint, Gumbinner states that Exhibit A speaks for itself and no further response is required.

6. In response to the allegations contained in the sixth paragraph of the Complaint, Gumbinner states that Exhibit B speaks for itself and no further response is required.

7. The allegations contained in the seventh paragraph of the Complaint are denied.

8. The legal conclusion contained in the eighth of the Complaint does not require a response.

9. In response to the legal conclusions and statements contained in the ninth paragraph of the Complaint, Gumbinner states that Exhibit B speaks for itself and no further response is required.

10. The allegations contained in the tenth paragraph of the Complaint are denied.

11. In response to the allegations contained in the eleventh paragraph of the Complaint, Gumbinner states that Exhibits A speaks for itself and no further response is required.

12. The allegations contained in the twelfth paragraph of the Complaint are denied.

13. Any allegations contained in the Complaint not expressly admitted to herein are denied.

14. Gumbinner reserves the right to amend and/or supplement this pleading and to assert any counterclaims, cross-claims, and/or third-party claims as they become known and/or sufficient evidence is developed to support such claims.

WHEREFORE, Fredric R. Gumbinner, by counsel, respectfully responds to the Complaint.

Date: February 16, 2010                           Respectfully submitted,

By: /s/ W. Joel Charboneau

Magee Goldstein Lasky & Sayers, P.C.
A. Carter Magee, Jr. (VSB #20284)
W. Joel Charboneau (VSB #68025)
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800 (T)
540-343-9898 (F)
jcharboneau@mglspc.com

**AFFIRMATIVE DEFENSES**

Without waiving the foregoing Motion to Dismiss, Fredric R. Gumbinner ("Gumbinner"), by counsel, asserts the following affirmative defenses:

1.	Gumbinner has revoked the alleged guaranty, and prior to its revocation, no debt had been incurred with or held by Branch Banking and Trust Company. In the Complaint, BB&T alleges that Branch Banking and Trust Company of Virginia merged with it. Although not stated in the Complaint, the merger was effective 11:59 p.m. on December 31, 2006. In deciding this motion, the Court may take judicial notice of the date of the merger. Fed. R. Civ. P. 201; Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996); Williams v. Basic Contracting Servs., Inc., 2009 U.S. Dist. LEXIS 104095 ** 5-6 (D. S.D.W.Va. 2009). Branch Banking and Trust Company of Virginia ceased to exist on January 1, 2007.

2.	The guaranty attached to the Complaint as Exhibit B states that Gumbinner "absolutely and unconditionally guarantees to Bank and its successors and assigns the due and punctual payment of any and all notes, drafts, debts, obligations, and liabilities, primary or secondary (whether by way of endorsement or otherwise), of Borrower, at any time, now or hereafter, **incurred with or held by Bank**. . . ." (Exhibit B). The term "Bank" is defined as Branch Banking and Trust Company of Virginia. (Exhibit B). The alleged consideration for the guaranty is the "inducement to Branch Banking and Trust Company of Virginia ("Bank") to extend credit to and to otherwise deal with Smith Mountain Holdings LLC. . . ." (Exhibit B).

3.	The alleged guaranty was signed on January 6, 2007.

4.  No debt or obligation has been "incurred with or held by" Branch Banking and Trust Company of Virginia. (Compl. ¶ 5). As set forth in the Complaint, Smith Mountain Holdings, LLC incurred its debt with BB&T. Id.

5.  No consideration supports the alleged guaranty.

6.  Gumbinner reserves the right to amend and/or supplement this pleading and to assert any counterclaims, cross-claims, and/or third-party claims as they become known and/or sufficient evidence is developed to support such claims.

WHEREFORE, Fredric R. Gumbinner, by counsel asserts the forgoing and requests that the Complaint be dismissed with prejudice.

Date: February 16, 2010                     Respectfully submitted,

                                            By: /s/ W. Joel Charboneau

Magee Goldstein Lasky & Sayers, P.C.
A. Carter Magee, Jr. (VSB #20284)
W. Joel Charboneau (VSB #68025)
Post Office Box 404
Roanoke, Virginia 24003
540-343-9800 (T)
540-343-9898 (F)
cmagee@mglspc.com
jcharboneau@mglspc.com